# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br>Inmate Booking No. 81666801;<br><br>                                        Plaintiffs,<br><br>vs.<br><br>UNITED STATES DRUG<br>ENFORCEMENT ADMINISTRATION,<br>et al.,<br><br>                                        Defendants. | Civil No.   09cv2916 W (CAB)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

## I. PROCEDURAL HISTORY

On December 28, 2009, Keith Thomas and Dwayne Gillilnad ("Plaintiffs"), proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Neither Plaintiff prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, only Plaintiff Thomas filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 6].

The Court granted Plaintiff Thomas' Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). *See* Feb. 24, 2010 Order at 6-7. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 7.

On February 26, 2010, before Plaintiff had received the Court's Order, he filed a First Amended Complaint. [Doc. No. 8.] Plaintiff then filed a "Motion to Amend the Amended Complaint." [Doc. No. 10.] This request was granted and Plaintiff was permitted leave to file a Second Amended Complaint. *See* Mar. 4, 2010 Order at 2. On March 22, 2010, Plaintiff filed his Second Amended Complaint ("SAC"). [Doc. No. 16].

## II.   SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e) AND 1915A

As the Court previously stated in its February 24, 2010 Order, the Prison Litigation Reform Act's ("PLRA") amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

"parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick,* 213 F.3d at 446, n.1.

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In his Second Amended Complaint, Plaintiff indicates that he is a pre-trial detainee. The Ninth Circuit has noted that while different Constitutional provisions may be applied dependent on whether a plaintiff's claim arise before or after conviction, a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf. Gibson v. County of Washoe,* 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange,* 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson,* 290 F.3d at 1188 n.10).

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney,* 509 U.S. 25, 32 (1993); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice constitutes a constitutional violation. *Estelle,* 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, see Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. See Wilson v. Seiter, 501 U.S. 294, 302 (1991).

In his Second Amended Complaint, Plaintiff alleges that he suffers from chronic pain due to arthritis. He seeks to hold every Defendant liable for the fact that the physician in the jail will not permit him to have medical marijuana in order to alleviate his pain. Specifically, Plaintiff alleges "any reasonable physician 'would' think, viewing all x-rays since 1983 to the present, is to give the best of medicine to alleviate or prevent chronic pain, presently marijuana has been [discovered] by scientists to alleviate chronic pain." SAC at 7.

While Plaintiff may believe that medical marijuana may be the best medication to alleviate his chronic pain, he does not allege that he has not been offered any other pain medication by jail officials. As the Court previously informed Plaintiff, a difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). There is no constitutional right to demand jail officials to provide Plaintiff with the medicine of his choosing.

Accordingly, once again, Plaintiff's inadequate medical care claims must be dismissed for failing to state a claim upon which section 1983 relief may be granted. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED**. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir.

1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk shall enter a final judgment dismissing this case without prejudice. Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED: 4/13/10

HON. THOMAS J. WHELAN
United States District Judge